MEMORANDUM *
Mediterranean Shipping Company (“MSC”) appeals the district court’s June 26, 2007, Order dismissing the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand for further proceedings.
The district court erred in issuing a sua sponte order dismissing the case for lack of subject matter jurisdiction without addressing whether each of MSC’s claims arises from a bill of lading, a traditional maritime contract, see Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 24-25, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004), or instead sounds in tort. If any of MSC’s claims arises from a bill of lading, the district court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). See Simon v. Intercont’l Transp. (ICT) B.V., 882 F.2d 1435, 1441 (9th Cir.1989) (“Admiralty jurisdiction extends to claims that arise from contract if the subject matter of the contract is maritime in nature.”). MSC argues that its claims for indemnity and declaratory relief arise from a bill of lading because MSC seeks indemnity for its liability for breach of a bill of lading, as found by the High Court of Justice in London,[1] and a declaration of which party’s bill of lading is authentic. The district court should analyze these claims in the first instance.
The parties shall each bear their own costs on appeal.
VACATED and REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are also involved in related litigation over ownership of the cargo, which is pending in the Maritime Court of Shanghai.